UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE LORICK,<br><br>                      Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK; STATE OF NEW YORK DEPT OF PAROLE COMMUNITY SUPERVISION; PAROLE OFFICER COLIN KOWLESSAR; PAROLE OFFICER CHICO; PAROLE OFFICER VALERIO; PAROLE OFFICER GONZALEZ; PAROLE OFFICER NELSON; PAROLE OFFICER STERLING,<br><br>                      Defendants. | 24-CV-8917 (JAV)<br><br>ORDER OF SERVICE |

JEANNETTE A. VARGAS, United States District Judge:

      Plaintiff, who was detained on Rikers Island at the time he filed the complaint, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when they unlawfully entered his apartment, used excessive force against him, and arrested him.[1] By order dated January 28, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court: (1) dismisses Plaintiff's claims against the New York State "Dept of Parole Community Supervision," which the Court understands to be the New York State Department of Corrections and Community Supervision ("DOCCS"); (2) dismisses Plaintiff's claims against the

---

[1] Plaintiff submitted the complaint in this action without a signature. By order dated November 27, 2024, the Court directed him to cure this deficiency. Plaintiff filed a signed signature page on January 22, 2025.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

City of New York; and (3) directs service on Defendant Parole Officers Kowlessar, Chico, Valerio, Gonzalez, Nelson, and Sterling.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Claims against DOCCS

Plaintiff names as a defendant the Department of "Parole and Community Supervision," which the Court understands to be DOCCS. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Because DOCCS is an arm of the state entitled to Eleventh Amendment immunity, *Bryant v. New York State Dep't*

2

*of Corr. Servs.*, 146 F. Supp. 2d 422, 426 (S.D.N.Y. 2001), Plaintiff's Section 1983 claims against DOCCS are barred by the Eleventh Amendment and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.     Claims against the City of New York

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges that his rights were violated by New York State Parole Officers. Those officers are employed by DOCCS, which is a New York State entity; they are not employees of the City of New York. Nothing in complaint suggests that the City of New York has a policy, practice, or custom that has caused a violation of Plaintiff's constitutional rights. The Court therefore dismisses Plaintiff's claims against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C. Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Parole Officers Kowlessar, Chico, Valerio, Gonzalez, Nelson, and Sterling through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants.[4] The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

[4] Plaintiff did not provide service addresses for Defendants. Because the defendants are New York State parole officers who appear to be employed in Manhattan, the Court directs service on them at the Manhattan office of DOCCS.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision under the doctrine of Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court dismisses Plaintiff's claims against the City of New York for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Clerk of Court is further instructed to issue summonses for Parole Officers Kowlessar, Chico, Valerio, Gonzalez, Nelson, and Sterling, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   February 4, 2025
         New York, New York

                                                  JEANNETTE A. VARGAS
                                                  United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Parole Officer Colin Kowlessar
   314 West 40th Street
   New York, NY 10018

2. Parole Officer Chico
   314 West 40th Street
   New York, NY 10018

3. Parole Officer Valerio
   314 West 40th Street
   New York, NY 10018

4. Parole Officer Gonzalez
   314 West 40th Street
   New York, NY 10018

5. Parole Officer Nelson
   314 West 40th Street
   New York, NY 10018

6. Parole Officer Sterling
   314 West 40th Street
   New York, NY 10018