UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Lorick,

                              Plaintiff,

                 - against -

The City Municipality Employees, officers, represented supervisions of State of New York Dept. of Parole Community Supervision, Parole Officer Colin Kowlessar, Parole Officer Chico, Parole Officer Valerio, Parole Officer Nelson, Parole Officer Gonzalez, Parole Officer Sterling, all in others in official, individual capacities policy considerations.

                            Defendants.

-------------------------------------------------------------X

24-cv-08917-JAV

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

LETITIA JAMES
New York State
Attorney General
*Attorney for Defendants*
28 Liberty Street – 18th Floor
New York, New York 10005

CHRISTOPHER J. BYRNE
Assistant Attorney General
*Of Counsel*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................... iv

PRELIMINARY STATEMENT .....................................................................................1

PLAINTIFF'S ALLEGATIONS…………………………………..………………………... 1

STANDARD OF REVIEW.......................................................................................... 2

ARGUMENT...............................................................................................................2

POINT I      PLAINTIFF'S ALLEGATIONS ARE CONCLUSORY STATEMENTS
             DEVOID OF FACTUAL SUPPORT…………………………………..…... 2

             A.  Plaintiff Failed to Plead a Conspiracy
                 Claim…………………..………………………..…..………...3

             B.  Plaintiff Fails to Plead a False Arrest Claim And Unlawful Imprisonment
                 Claim…………………………………………………….…....3

             C.  Plaintiff's Claim for Intentional Infliction of Emotional Distress
                 Fails………………..……………………………………….………5

             D.  There Is No Cause of Action For Perjury Under Section
                 1983………......………………………………………….......6

             E.  Plaintiff's Malicious Prosecution Claim
                 Fails…………………..…………………………………………..6

             F.  The "Supervisory Failure to Train Restraint" Is Not Supported by The
                 Allegations…………………………………………………..…7

POINT II     DEFENDANTS HAVE NO PERSONAL INVOLVEMENT………………..…7

POINT III    ANY OFFICIAL CAPACITY DAMAGES CLAIMS ARE BARRED…………. 8

POINT IV     THE EIGHT AMENDMENT CLAIM IS NOT ACTIONABLE.………..……….8

POINT V      PLAINTIFF'S FIFTH AMENDMENT CLAIM FAILS BECAUSE
             DEFENDANTS ARE STATE
             OFFICIALS…………………………………………………9

POINT VI     ANY FOURTEENTH AMENDMENT CLAIM FAILS AS A MATTER OF
             LAW ....................................................................…………9

POINT VII     DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ...........………10

POINT VIII    ANY STATE LAW CLAIMS FAIL UNDER CORRECTION LAW § 24…......…10

CONCLUSION ...............................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................... 2-3

*Ashley v. City of New York*,
    992 F.3d 128 (2d Cir. 2021) ............................................................................ 6

*Bell Atlantic v. Twombly*,
    550 U.S. 544, 570 (2007) ............................................................................... 2

*Black v. Coughlin*,
    76 F.3d 72 (2d Cir. 1996) ............................................................................... 8

*DeMeo v. Kean*,
    754 F. Supp. 2d 435 (N.D.N.Y. 2010) ........................................................ 3-4

*Dowd v. Demarco*,
    314 F. Supp.3d 576 (S.D.N.Y. 2018) .............................................................. 3

*E.E.O.C. v. Die Fliedermaus*,
    77 F. Supp. 2d 460 (S.D.N.Y. 1999) .............................................................. 5

*Farmer v. Brennan*,
    511 U.S. 825 (1994) ....................................................................................... 8

*Garnett v. Undercover Officer C0039*,
    838 F.3d 265, 279 (2d Cir. 2016) ................................................................... 6

*Gonzalez v. Schenectady*,
    728 F.3d 149 (2d Cir. 2013) .......................................................................... 10

*Hansel v. Sheridan*,
    991 F.Supp. 69 (N.D.N.Y.1998) ............................................................... 5-6, 9

*Hernandez v. Keane*,
    341 F.3d 137 (2d Cir. 2003) ........................................................................... 8

*Janetka v. Dabe*,
    892 F.2d 187 (2d Cir. 1989) ........................................................................... 6

*Kaluczky v. City of White Plains*,
  57 F.3d 202 (2d Cir. 1995)..................................................................................10

*Lehman v. Kornblau*,
  134 F. Supp. 2d 281, 292 (E.D.N.Y. 2001) ..........................................................6

*Makarova v. United States*,
  201 F.3d 110, 113 (2d Cir. 2000)...........................................................................2

*Manganiello v. City of New York*,
  612 F.3d 149 (2d Cir. 2010)............................................................................... 6-7

*Moffitt v. Town of Brookfield*,
  950 F.2d 880, 885 (2d Cir. 1991)...........................................................................8

*Murphy v. Lynn*,
  118 F.3d 938, 944 (2d Cir.1997).............................................................................6

*Oladokun v. Ryan*,
  No. 06 CIV. 2330 (KMW), 2009 WL 857460 (S.D.N.Y. Mar. 31, 2009) ..............8

*Ortiz v. McBride*,
  380 F.3d 649 (2d Cir. 2004)..................................................................................10

*Pangburn v. Culbertson*,
  200 F.3d 65 (2d Cir. 1999).....................................................................................3

*Parris v. New York State Dept. Correctional Services*,
  947 F. Supp. 2d 354, 365 (S.D.N.Y. 2013)..................................................... 10-11

*People of the State of New York Ex. Rel. Abigail Sloan, Esq., on behalf of Bruce Lorick, Petitioner, v. Daniel Martuscello, et al.*,
  Index No. 800763/2025, Supreme Court of the New York Bronx County .............4

*People of the State of New York Ex. Rel. Abigail Sloan, Esq., on behalf of Bruce Lorick, Petitioner, v. Daniel Martuscello, et al.*,
  Index no. 817952/2024E, Supreme Court of the New York Bronx County.............4

*People of the State of New York Ex. Rel. Courtney Colwell, Esq., on behalf of Bruce Lorick, Petitioner, v. Daniel Martuscello, et al.*,
  Index No. 820629/2023E, Supreme Court of the New York Bronx County............4

*People of the State of New York Ex. Rel. Michelle McGrath, Esq., on behalf of Bruce Lorick, Petitioner, v. Daniel Martuscello, et al.*,
  Index No. 820097/2023, Supreme Court of the New York Bronx County ..............4

*People v. Wade*,
    100 N.Y.S.3d 431 (N.Y. App. Div. 3d Dept. 2019) ................................................5

*Phillips v. City of New York*,
    No. 21-CV-08149 (ALC), 2024 WL 4307923, at *2 (S.D.N.Y. Sept. 26, 2024) .....................2

*Posr v. Doherty*,
    944 F.2d 91, 96 (2d Cir. 1991)..............................................................3-4

*Reichle v. Howards*,
    566 U.S. 658 (2012).........................................................................10

*Rohman v. New York City Transit Authority*,
    215 F.3d 208 (2d Cir. 2000).................................................................6

*Russell v. Smith*,
    68 F.3d 33 (2d Cir. 1995)....................................................................6

*Schnitter v. City of Rochester*,
    931 F. Supp. 2d 469 (W.D.N.Y. 2013) ........................................................7

*Singer v. Fulton Cnty. Sheriff*,
    63 F.3d 110 (2d Cir. 1995)...................................................................4

*Sonds v. St. Barnabas Hosp. Correctional Health Services*,
    151 F. Supp. 2d 303, 308-09 (S.D.N.Y. 2001) ...............................................3

*Spavone v. DOCCS*,
    719 F.3d 127 (2d Cir. 2013).................................................................10

*Tangreti v. Bachmann*,
    983 F.3d 609 (2d Cir. 2020).................................................................7

*Thompson v. Sweet*,
    194 F. Supp. 2d 97 (N.D.N.Y. 2002).......................................................6, 9

*U.S. v. Reyes*,
    283 F.3d 446 (2d Cir. 2002).................................................................5

*Vasquez v. Parks*,
    No. 02 cv 1735, 2003 WL 1442087 (S.D.N.Y. Feb. 4, 2003) ................................8

*Weyant v. Okst*,
    101 F.3d 845, 852 (2d Cir. 1996)............................................................4

*Will v. Michigan Dept. of State Police*,
    491 U.S. 58 (1989) ...................................................................................8

*Wright v. Smith*,
    21 F.3d 496 (2d Cir. 1994) ....................................................................8

**Constitutions**

Fourth Amendment ..........................................................................................1, 6

Fifth Amendment .............................................................................................1, 9

Eighth Amendment ..........................................................................................1, 8-9

Eleventh Amendment .......................................................................................1, 8

Fourteenth Amendment ....................................................................................1, 9-10

**Federal Statutes**

42 U.S.C.
    § 1983, ("Section 1983") .....................................................................1, 3, 6-9

**State Statutes**

N.Y.C.R.R.
    tit. 9, § 8003.2 .......................................................................................4

N.Y. Correct. Law
    § 24 .......................................................................................................10-11

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................1-2

Fed. R. Civ. P. 12(b)(1) ...................................................................................1-2, 11

## PRELIMINARY STATEMENT

Plaintiff Bruce Lorick, ("Plaintiff"), brings this action under 42 U.S.C. § 1983, ("Section 1983"), for false arrest, malicious prosecution, conspiracy, perjury, unlawful imprisonment, intentional infliction of emotional distress, Fourth, Fifth, Eighth, Fourteenth Amendment violations, state law due process violations, and supervisory failure to train against Parole Officer Colin Kowlessar, Parole Officer Haneef Sheeko (s/h/a Chico), Parole Officer Simon Valerio, Parole Officer Jessica Nelson, Parole Officer Michelle Gonzalez, and Parole Officer Lina Sterling, ("Defendants").[1]  Defendants respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the Complaint.  Plaintiff's claims should be dismissed because (1) his allegations are conclusory statements devoid of factual support; (2) he fails to allege Defendants' personal involvement; (3) any damages claims brought against Defendants in their official capacities are barred by the Eleventh Amendment; (4) Plaintiff did not plead a violation of any Constitutional Amendment; (5) Defendants are entitled to qualified immunity; and (6) his claims arising under state law fail as a matter of law.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges he was unlawfully arrested by nine Parole Officers on April 24, 2024, after they came to his residence and conducted a drug test that came back positive.  *Compl.* at 4.  Plaintiff claims that Parole Officers arrived at his residence because he failed to report, but he does not state what he failed to report to.  *Id*.  He further states he was charged with assaulting a parole officer and resisting arrest but that those charges were "dismissed by the criminal court."  *Id*.  Plaintiff claims the Defendants were involved in alleged wrongful conduct, but does not specifically state

---

[1] The Court Dismissed Plaintiff's claims against the City of New York and "State of New York Dept. of Parole Community Supervision," sua sponte.  *See Order at Dkt. 10*.

what their involvement was. *Id*. Defendants are employed as Parole Officers by the New York State Department of Corrections and Community Supervision, ("DOCCS").

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (quotations omitted). In sum, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. On a motion to dismiss "[j]udicial notice may be taken of public records." *Phillips v. City of New York*, No. 21-CV-08149 (ALC), 2024 WL 4307923, at *2 (S.D.N.Y. Sept. 26, 2024). In addition, "a case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). *See* Fed. R. Civ. P. 12(b)(1).

## ARGUMENT

I.    **Plaintiff's Allegations Are Conclusory Statements Devoid of Factual Support**

Throughout the Complaint, Plaintiff merely concludes, without factual support, that he was unlawfully arrested. He does not state why his arrest was unlawful or why the charges were dismissed. Plaintiff merely states that Parole Officers were involved but not which ones nor what actions the Defendants took against him. Such allegations are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F. Supp. 2d 303, 308–09 (S.D.N.Y. 2001) (citations omitted) ("Broad and conclusory statements, coupled with a failure to allege the facts of the alleged offending conduct, are insufficient to state a claim [and] assertions in a complaint that are nothing more than broad, simple, vague and conclusory statements are patently insufficient to support a claim under Section 1983.").

### A. Plaintiff Fails to Plead a Conspiracy Claim

Plaintiff has not plead any allegation of conspiracy other than merely stating the word conspiracy in the "Relief" section. *Compl.* at 7. To prove a Section 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Plaintiff does not plead any facts regarding an agreement between any of the Defendants to act in concert to inflict an unconstitutional injury or any overt act done in furtherance of that goal. Moreover, Defendants were employed by DOCCS during the time the allegations took place, so any conspiracy claim is barred by the intra-corporate conspiracy doctrine. *See Dowd v. Demarco*, 314 F. Supp.3d 576, 588 (S.D.N.Y. 2018) (dismissing based on doctrine). Accordingly, Plaintiff's conspiracy claim fails and must be dismissed as a matter of law.

### B. Plaintiff Fails to Plead a False Arrest Claim and Unlawful Imprisonment Claim

"Under New York law, the torts or false arrest and unlawful imprisonment are "synonymous." *DeMeo v. Kean*, 754 F. Supp. 2d 435, 443 (N.D.N.Y. 2010) (citing *Posr v.*

*Doherty,* 944 F.2d 91, 96 (2d Cir. 1991).  "Additionally, a section 1983 claim for false arrest "is substantially the same as a claim for false arrest under New York law." *DeMeo*, 754 F. Supp. 2d at 443 (quoting *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996)).    The elements of a false imprisonment claim are: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged."  *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995).  "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest."  *Weyant* 101 F.3d at 852.

Plaintiff was on Parole at the time these allegations took place.  *See Certificate of Release, annexed hereto as Exhibit 1* at 2[2], annexed to as an exhibit in the following matters: *People of the State of New York Ex. Rel. Courtney Colwell, Esq., on behalf of Bruce Lorick, Petitioner, v. Daniel Martuscello, et al.*, Index No. 820629/2023E, Supreme Court of the New York Bronx County; *People of the State of New York Ex. Rel. Abigail Sloan, Esq., on behalf of Bruce Lorick, Petitioner, v. Daniel Martuscello, et al.*, Index No. 800763/2025, Supreme Court of the New York Bronx County; *People of the State of New York Ex. Rel. Michelle McGrath, Esq., on behalf of Bruce Lorick, Petitioner, v. Daniel Martuscello, et al.*, Index No. 820097/2023, Supreme Court of the New York Bronx County; and *People of the State of New York Ex. Rel. Abigail Sloan, Esq., on behalf of Bruce Lorick, Petitioner, v. Daniel Martuscello, et al.*, Index no. 817952/2024E, Supreme Court of the New York Bronx County.

Substantively, "a search of a parolee undertaken by a parole officer is constitutional [when] the conduct of the parole officer [is] rationally and reasonably related to the performance of the

---

[2] Exhibit 2 is the Certificate of Release for Plaintiff to Parole Supervision, which he signed.  It lists multiple conditions of Parole and violating those conditions, like failing a drug test, can lead to arrest.  Further, he used this exact document in multiple Habeas Corpus Petitions Legal Aid filed on his behalf and its authenticity is not in dispute.

parole officer's duty and is substantially related to the performance of duty in the particular circumstances." *People v. Wade*, 100 N.Y.S.3d 431, 433 (N.Y. App. Div. 3d Dept. 2019); *See U.S. v. Reyes*, 283 F.3d 446 (2d Cir. 2002). In addition, Section 8003.2 Release Conditions for Parole states: "I will permit my Parole Officer to visit me at my residence, will permit the search and inspection of my person, residence and property." N.Y.C.R.R. tit. 9, § 8003.2. Accordingly, parole officers do not need probable cause to search their parolees' residence as a condition of parole is allowing your parole officer the permission to search your residence. *Id.*

Here the Parole Officer Defendants were justified in entering Plaintiff's residence because he was on Parole. *See Ex 1*. Further, as Plaintiff asserts in the Complaint, he "did not report" and he "needed a drug test," and later failed the drug test. *Compl*. at 4. Thus, pursuant to the conditions of his Parole, Defendants would have been justified in searching Plaintiff's residence and the eventual arrest, if the complaint stated Defendants did that, which it does not. *Id*. *See Exhibit 2* at 2. Accordingly, his false arrest claim fails. Moreover, Plaintiff does not even coherently state how Defendants were involved, let alone that they placed him under arrest. *See Section II*. As such, these claims must be dismissed.

## C. Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails

"Under New York law, intentional infliction of emotional distress is a theory of recovery that is to be invoked only as a last resort and such a claim is therefore precluded where the offending conduct is embraced by a traditional tort remedy." *E.E.O.C. v. Die Fliedermaus*, 77 F. Supp. 2d 460, 472 (S.D.N.Y. 1999). Therefore, "[n]o intentional infliction of emotional distress claim will lie where the conduct underlying the claim falls within the ambit of traditional tort liability." *Hansel v. Sheridan,* 991 F.Supp. 69, 75 (N.D.N.Y.1998). Here, the conduct complained of is encompassed in Plaintiff's other claims because it is also premised on his arrest by Parole

Officers on April 24, 2024.  As such the intentional infliction of emotion distress cause of action fails and must be dismissed.  *Id*; *See Thompson v. Sweet*, 194 F. Supp. 2d 97, 103 (N.D.N.Y. 2002).

### D. There Is No Cause of Action for Perjury Under Section 1983

Plaintiff is bringing an apparent perjury claim against Defendants under Section 1983. *Compl.* at 2 and 7.  Although it is not clear, the perjury claim may be associated with what Plaintiff construes vaguely as "trumped up charges," mention of which only appear in the "Relief" section of the Complaint.  *Id*.  Plaintiff does not provide any more detail.  Regardless, perjury is not a cause of action under Section 1983.  *See Lehman v. Kornblau*, 134 F. Supp. 2d 281, 292 (E.D.N.Y. 2001) (being a victim of perjury is "not a cognizable cause of action under state law or Section 1983").  Thus, this claim must be dismissed.

If, however, the Complaint can be construed to include a fabrication of evidence claim, Plaintiff has not pled any facts to establish it.  *See Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016) (the elements of a fabrication of evidence claim are "an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[red] a deprivation of life, liberty, or property as a result.").

### E. Plaintiff's Malicious Prosecution Claim Fails

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment … and must establish the elements of a malicious prosecution claim under state law."  *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010) (citing *Murphy v. Lynn,* 118 F.3d 938, 944 (2d Cir.1997); *Rohman v. New York City Transit Authority,* 215 F.3d 208, 215 (2d Cir. 2000); *Russell v. Smith,* 68 F.3d 33, 36 (2d Cir. 1995); and *Janetka v. Dabe,* 892 F.2d 187, 189 (2d Cir. 1989).  "To establish

a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello,* 612 F.3d at 161 (citations omitted).

Here Plaintiff has pled the first two elements but has failed to plead the third and fourth element because he failed to allege the lack of probable cause or actual malice.  As argued in the Section I(B) above, Defendants did not need probable cause to enter Plaintiff's residence and had justifiable grounds for his arrest.  Moreover, Plaintiff does not even cogently allege that Defendants actually conducted the drug test, or what involvement they had in the arrest.  Further, nothing supports that any Parole Officers, let alone Defendants, acted with malice in arresting him.  Additionally, if the malicious prosecution is based on "trumped up charges," (*Compl.* at 7), nothing supports that.  Therefore, the malicious prosecution claim fails and must be dismissed.

### F. The "Supervisory Failure to Train Restraint Claim" Is Not Supported by The Allegations

"To state a claim under § 1983 for failure to train, a complaint must allege that the supervisor's failure to train his employees amounts to deliberate indifference to the rights of persons with whom the [employees] c[a]me into contact." *Schnitter v. City of Rochester*, 931 F. Supp. 2d 469, 475 (W.D.N.Y. 2013), *aff'd*, 556 Fed. Appx. 5 (2d Cir. 2014) (citations omitted). Plaintiff does not allege that any of the Defendants were in a supervisory role, let alone were involved in training, or that they were deliberately indifferent.  As such, this claim must be dismissed.

## II.    Defendants Have No Personal Involvement

"[A] plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d

609, 618 (2d Cir. 2020).  "[T]o survive a motion to dismiss a Section 1983 claim against an individual defendant, a plaintiff must set forth specific factual allegations of personal involvement by defendant in a constitutional violation."  *Oladokun v. Ryan*, No. 06 CIV. 2330 (KMW), 2009 WL 857460, at *4 (S.D.N.Y. Mar. 31, 2009); *See also Vasquez v. Parks,* No. 02 cv 1735, 2003 WL 1442087, at *9 (S.D.N.Y. Feb. 4, 2003).  "[I]n this Circuit … 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir. 1991); *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).

Here the Complaint fails to allege specific facts supporting the personal involvement of any Defendant in a constitutional violation.  Plaintiff does not state that Defendants unlawfully arrested him, he merely states that Defendants "were directly involved" (*compl*. at 4) but does not provide any specifics as to what they were directly involved in, or how those actions violated his rights.  *See Black v. Coughlin*, 76 F.3d 72, 74-75 (2d Cir. 1996).  That is not sufficient.  Because the claims fail to allege Defendants' personal involvement they must be dismissed.

## III.    Any Official Capacity Damages Claims Are Barred

Plaintiff stated he is suing Defendants in their official and individual capacity.  *Compl*. at 1.  However, Defendants cannot be sued in their "official" capacity for damages because the Eleventh Amendment bars claims in federal court for damages against state employees in their official capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).  As such, Plaintiff's official capacity claims should be dismissed.

## IV.    Plaintiff's Eighth Amendment Claim Is Not Actionable

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment" against incarcerated individuals.  *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  Plaintiff is not

specific but states in the "Relief" section that he wants damages for alleged violations of the Eighth Amendment. *Compl.* at 7. What, if any, these violations are is not stated. Further, nothing is alleged that shows that Defendants had any contact with Plaintiff while he was incarcerated, nor does he alleged they were involved whatsoever in any punishment while he was incarcerated. Thus, this claim must be dismissed. *See Thompson* 194 F. Supp. at 104 ("Plaintiff claims that he was subject to cruel and unusual punishment as a result of his twelve-day incarceration. However, even viewing the facts in the light most favorable to plaintiff, there is no allegation that Officer Sweet ever had contact with the plaintiff in jail" so this claim fails).

## V.     Plaintiff's Fifth Amendment Claim Fails Because Defendants Are State Officials

Plaintiff merely writes "5th Amendment" in the "Relief" section of the Complaint and brings no specific claim under it. *Compl*. at 7. If Plaintiff intends to bring a separate violation under the Fifth Amendment under Section 1983 it fails because Defendants are undisputedly New York State officials as Parole Officers employed by DOCCS and "the Fifth Amendment governs the conduct of the federal government and federal employees and does not regulate the activities of state officials or state actors." *Hansel*, 991 F. Supp. at 72 (citations omitted). As such, any Fifth Amendment claim must be dismissed. *Id.* ("Because it is undisputed that all defendants in this action are state officials, any Fifth Amendment claim brought by plaintiff is hereby dismissed.").

## VI.    Any Fourteenth Amendment Claim Fails as A Matter of Law

While Plaintiff alleges one of the bases of jurisdiction to be Section 1983 violations arising under the Fourteenth Amendment principles, nowhere in his Complaint does he plead any facts that would establish such a claim. For example, Plaintiff does not allege any facts that establish his liberty interest was deprived because of insufficient process, a requirement to plead a due

process claim under the Fourteenth Amendment. *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (describing requirements of due process claims). Plaintiff also does not allege anything about how his violating parole and being placed under arrest for such was arbitrary and capricious in violation of substantive due process principles. *See Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995) (citations omitted) ("Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised."). As such, any Fourteenth Amendment claim must be dismissed.

## VII.    Defendants Are Entitled to Qualified Immunity

"The issues on qualified immunity are: (1) whether plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." *Gonzalez v. Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). To be clearly established, "a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). So long as a defendant "has an objectively reasonable belief that his actions are lawful," they are "entitled to qualified immunity." *Spavone v. DOCCS,* 719 F.3d 127, 135 (2d Cir. 2013). As discussed above, Plaintiff fails to allege any constitutional violation by Defendants. He does not even state with any clarity the specific actions Defendants took against him. Therefore, Defendants are entitled to qualified immunity, and Plaintiff's claims must be dismissed.

## VIII.    Any State Law Claims Fail Under Correction Law § 24

New York State Correction Law § 24 "provide[s] immunity for claims under state laws. Such immunity is available whether the action is pursued in a state court or, under pendent

jurisdiction, in a federal court.  District courts should dismiss such claims for lack of subject matter jurisdiction."  *Parris v. New York State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 365 (S.D.N.Y. 2013) (citations omitted); Fed. R. Civ. P. 12(b)(1).  Plaintiff asserts he is suing Defendants for due process violations under New York State Law.  *See Dkt. 1 Compl.* at 7.   In New York State Parole Officers cannot be sued for claims arising under state law.  N.Y. Correct. Law § 24 (McKinney); *See Parris*, 947 F. Supp. 2d at 365.  As such, any of Plaintiff's causes of action that arise under state law fail and must be dismissed as this court lacks subject matter jurisdiction to adjudicate them.  *See* Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

For all the above reasons, the Court should grant Defendants' Motion to Dismiss and dismissal of this action with prejudice is respectfully requested.

Dated:  New York, New York            Respectfully submitted,
        May 16, 2025


                                     LETITIA JAMES
                                     New York State Attorney General
                                     *Attorney for Defendants*

                                     By: /s/ *Christopher J. Byrne*
                                     Christopher J. Byrne,
                                     Assistant Attorney General
                                     Office of the New York State Attorney General
                                     28 Liberty Street,
                                     New York, NY, 10005
                                     212-416-8687

## CERTIFICATION

In accordance with Local Rule 7.1(c) Form and Length of Briefs, Motions and Other Papers, I state there are 3,469 words in this Motion to Dismiss.

By: /s/ *Christopher J. Byrne*
　　Christopher J. Byrne
　　Assistant Attorney General
　　Office of the New York State
　　Attorney General
　　28 Liberty Street
　　New York, NY 10005
　　212-416-8687